**IN THE UNITED STATES DISTRICT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**JAVIER IVAN ALVAREZ MUÑOZ,**

      Petitioner,

v.                                    Civil Action No. **3:25CV897 (RCY)**

**JOSEPH SIMON,** *et al.*,

      Respondents.

**ORDER**

This matter is before the Court on Petitioner's Motion for Temporary Restraining Order ("Motion," ECF No. 13), which the Court—having given Respondents notice and the opportunity to be heard—construes as a Motion for Preliminary Injunction. *E.g.*, *Dep't of Lab. v. Wolf Run Mining Co.*, 452 F.3d 275, 283 (4th Cir. 2006). For the reasons stated from the bench, the Court GRANTS IN PART & DEFERS IN PART as to Petitioner's Motion (ECF No. 13). Specifically—

1. The Motion is GRANTED with respect to the request that the Court order the Immigration Court to conduct a bond hearing. The Court FINDS that Mr. Alvarez is detained pursuant to 8 U.S.C. § 1226(a), and therefore the Annandale Immigration Court does have jurisdiction to adjudicate a request for bond and any rejection of such jurisdiction constitutes a violation of Mr. Alvarez's rights. Respondents are ORDERED to hold an individualized bond hearing for Mr. Alvarez at the Immigration Court pursuant to 8 U.S.C. § 1226(a) **before close of business on December 23, 2025**, and before any hearing on the merits of his removal. The Parties SHALL jointly file a status report **by close of business**

**today** detailing the date and time scheduled for Mr. Alvarez's bond hearing before an Immigration Judge;

2. The Court DEFERS ruling on Mr. Alvarez's Motion with respect to his request for immediate release. Mr. Alvarez SHALL remain in the custody of the Department of Homeland Security and/or the United States Marshals until his individualized bond hearing occurs;

3. Respondents are ENJOINED from denying bond to Mr. Alvarez on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2);

4. If the Immigration Judge decides to release Mr. Alvarez on bond, Respondents are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2) and FURTHER ENJOINED from rearresting Mr. Alvarez, unless he commits a new violation of federal, state, or local law; or has failed to attend any properly noticed immigration or court hearing; or is subject to detention pursuant to a final order of removal. *See Hasan v. Crawford*, 2025 WL 2682255, at *13 (E.D. Va. Sept. 19, 2025) (finding "In essence, the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process [because it is], in effect, no process at all.");

5. Respondents are ORDERED to JOINTLY file a status report with this Court **no later than 6:00 P.M. on Tuesday, December 23, 2025**, stating whether Mr. Alvarez was granted bond at his individualized bond hearing, and, if his request for bond was denied, the reason for that denial. The Court will reserve final judgment on the remainder of Petitioner's Motion and the merits of his Second

2

Amended Habeas Petition until after receipt of Respondents' status report, and, if appropriate, after his final removal hearing; and

6. The United States Marshals Service SHALL facilitate Mr. Alvarez's appearance—whether remote or in-person—at his bond hearing.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to the United States Marshals Service.

It is so ORDERED.

_____ /s/ *RCY*

Roderick C. Young
United States District Judge

Date: <u>December 22, 2025</u>
Richmond, Virginia

3